UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2010 JUN 25 PM 3: 48

BY _____
DEPUTY CLERK

| | |
|---|---|
| PETER A. IRVING and TAMARA J. IRVING, both individually and as personal representatives of the Estate of Curtis R. Irving, JUSTIN IRVING, EMILY IRVING AND MARGARET IRVING, Plaintiffs, v. BURLINGTON HEALTH AND REHABILITATION CENTER, LLC Defendant. | DOCKET NO. 2:10-CV-153 |

## COMPLAINT

NOW COME the Plaintiffs, Peter A. Irving and Tamara J. Irving, both individually and as personal representatives of the Estate of Curtis R. Irving, Justin Irving, Emily Irving and Margaret Irving, by their attorney Thomas J. Sherrer, and allege as follows:

### PARTIES

1. Plaintiff Peter A. Irving is a resident of Burlington, Vermont.

2. Plaintiff Tamara J. Irving is a resident of Burlington, Vermont.

3. Plaintiff Justin Irving is a resident of Burlington, Vermont.

4. Plaintiff Emily Irving is a resident of Burlington, Vermont

5. Plaintiff Margaret Irving is a resident of Burlington, Vermont.

6. Curtis R. Irving (hereinafter the "decedent") was a resident of Burlington, Vermont.

7. Plaintiffs Justin Irving, Emily Irving and Margaret Irving are siblings of Curtis R. Irving.

8. Plaintiffs Peter Irving and Tamara Irving are both the parents of Curtis R. Irving.

9. Plaintiffs Peter Irving and Tamara Irving were named by the Chittenden County Probate Court as Co-Administrators of the Estate of Curtis R. Irving on June 25, 2009.

10. At all times relevant hereto, Defendant Burlington Health and Rehabilitation Center, LLC ("Burlington Health") is a limited liability foreign Delaware corporation authorized to do business in the State of Vermont, engaged in the operation and management of a nursing home facility doing business in Burlington, Vermont.

## JURISDICTION

11. The Plaintiffs are citizens of Burlington, Vermont. Defendant Burlington Health and Rehabilitation Center, LLC is a limited liability foreign Delaware corporation authorized to do business in the State of Vermont, engaged in the operation and management of a nursing home facility doing business in Burlington, Vermont. This Court has jurisdiction over this matter pursuant to Title 28 U.S.C. §1332(a) as the matter involves citizens of different states and the amount in controversy, exclusive of the interest and costs, exceeds the amount of $75,000.00. The Court also has pendant jurisdiction pursuant to Title 28 U.S.C. §1367 over Plaintiff's claims brought under state law.

## COUNT I - NEGLIGENCE

12. As of June 2008, Defendant Burlington Health operated and managed a nursing home located in Burlington, Vermont, county of Chittenden, State of Vermont.

13. On or about June 26, 2008, the decedent was admitted to the care of the Defendant, where he resided until July 5, 2008.

14. On or about June 26, 2008, Defendant was on notice that decedent suffered from cerebral palsy and had a past history of bowel obstruction and consequently was placed in

2

a skilled cared unit.

15. On or about July 5, 2008, during decedent's residency at Burlington Health, Defendant allowed decedent to aspirate on his own bodily fluids.

16. As of June 26, 2008, Defendant knew or should have known that the decedent was vulnerable because of his cerebral palsy and at risk for having another bowel obstruction. Defendant however failed to take adequate steps to minimize decedent's possible complications from bowel obstructions.

17. Defendant negligently failed to monitor the safety of decedent while he was in their care.

18. Defendant negligently failed to provide decedent with appropriate care and supervision while he was a resident at Burlington Health.

19. Defendant negligently failed to meet minimum standards of care as delineated in the regulations promulgated pursuant to the Omnibus Budget Reconciliation Act of 1987.

20. As a direct and proximate cause of Defendant's negligent acts and omissions, decedent suffered personal injury, substantial emotional distress, pain and suffering and mortal injury, and Plaintiffs endured substantial emotional distress, pain and suffering and incurred expenses.

## COUNT II – BREACH OF CONTACT

21. Plaintiffs incorporate as if fully set forth herein paragraphs 1 through 20 of this complaint.

22. Defendant was contractually obligated to provide the decedent with a reasonably safe environment and one that complied with all applicable federal and state laws and regulations.

23. Defendant expressly or impliedly promised that it was authorized and able to provide adequate care for decedent and would provide such care.

24. Defendant was contractually obligated to provide the decedent with an environment in which he was treated with respect and dignity.

25. Defendant breached these promises.

26. Between June 26, 2008 to July 5, 2008, when Defendant was on notice that decedent needed skilled care, it failed to properly perform procedures including, but not limited to, enemas and decreased the observation and monitoring of the decedent.

27. As a direct and proximate result of said breach, the decedent suffered substantial emotional distress, pain and suffering and mortal injury, and Plaintiffs endured substantial emotional distress, pain and suffering and incurred expenses.

## COUNT III- CONSUMER FRAUD

28. Plaintiffs incorporate as if fully set forth herein paragraphs 1 through 27 of this complaint.

29. Decedent was a consumer and Defendant was a seller within the meaning of 9 V.S.A. Ch. 63.

30. Defendant failed to provide decedent with the level of care and supervision which it knew he required and which it promised to provide.

31. Defendant knew or should have known it was unable to provide decedent with the care he required.

32. Defendant failed to disclose that it was unable to provide decedent with the care he required.

33. Defendant's acts and omissions constituted unfair methods of competition in

4

commerce and/or were unfair or deceptive acts or practices in commerce, and thus were prohibited practices within the meaning of 9 V.S.A. Ch. 63.

34. As a direct and proximate result of said violations by Defendant, the decedent suffered substantial emotional distress, pain and suffering and mortal injury, and Plaintiffs endured substantial emotional distress, pain and suffering and incurred expenses, including attorney's fees.

### COUNT IV – LOSS OF SOCIETY AND COMPANIONSHIP

35. Plaintiffs incorporate as if fully set forth herein paragraphs 1 through 34 of this complaint.

36. As a direct and proximate result of Defendant's actions and omissions, individual Plaintiffs, Peter A. Irving, Tamara J. Irving, Justin Irving, Emily Irving and Margaret Irving have been denied the society, affection and companionship of the decedent and suffered damages.

### COUNT V – SURVIVOR'S ACTION

37. Plaintiffs incorporate as if fully set forth herein paragraphs 1 through 36 of this complaint.

38. The decedent suffered personal injury by the act of default of Defendant.

39. Decedent's cause of action survives his death pursuant to the common law and Subchapter 2 of 14 V.S.A., Chapter 71.

40. Plaintiffs are entitled to recover of Defendant damages for decedent's personal injuries, including pain and suffering and emotional distress.

## COUNT VI – WRONGFUL DEATH

41.     Plaintiffs incorporate as if fully set forth herein paragraphs 1 through 40 of this complaint.

42.     Defendant's acts and/or omissions caused decedent's death.

43.     Pursuant to the common law and Subchapter 3 of 14 V.S.A., Chapter 71, Plaintiffs are entitled to recover of Defendant for their pecuniary loss, including, without limitation, loss of society, comfort, affection and companionship, emotional distress, financial loss and destruction of the parent-child relationship.

## COUNT VII – PUNITIVE DAMAGES

44.     Plaintiffs incorporate as if fully set forth herein paragraphs 1 through 43 of this complaint.

45.     Defendant's actions and omissions were grossly negligent, reckless, willful, wanton and malicious, or rose to the level of same.  Defendant was on notice of the dangers presented to residents suffering from cerebral palsy and prior history of bowel obstructions and, further, was on notice of the methods and means by which residents with cerebral palsy and bowel obstructions could be supervised and protected.  Defendant, however, failed to institute any of these safeguards to protect the decedent.

46.     Between June 26, 2008 and July 5, 2008, Defendant recognized the decedent who was afflicted with cerebral palsy was also vulnerable to bowel obstructions.  Defendant, however, failed to properly monitor, supervise and institute safeguards to protect the decedent.

47.     As a direct and proximate result of said actions and omissions, the decedent suffered substantial emotional distress, pain and suffering and mortal injury, and Plaintiffs

endured substantial emotional distress, pain and suffering and incurred expenses.

WHEREFORE, Plaintiffs demand judgment against the Defendant for:

a. Compensatory damages;
b. Punitive damages;
c. Costs;
d. Reasonable attorneys' fees;
e. Such further relief as the Court deems just.

DATED AT Burlington, Vermont, this 25th day of June, 2010.

THOMAS SHERRER, PLLC

Thomas J. Sherrer, Esq.
30 Main Street, Suite 325
Burlington, VT 05401
(802) 881-0757

Attorney for the Plaintiffs