UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| PETER A. IRVING and TAMARA J. IRVING both individually and as personal representatives of the Estate of Curtis R. Irving, JUSTIN IRVING, EMILY IRVING, AND MARGARET IRVING,<br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>BURLINGTON HEALTH AND REHABILITATION CENTER, LLC,<br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 2:10-cv-153<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ANSWER

NOW COMES Defendant Burlington Health and Rehabilitation Center, LLC, by and through its attorneys, Heilmann, Ekman & Associates, Inc., and answers the Complaint as follows:

1.　Defendant denies that Peter A. Irving, in his individual capacity, is a proper party to this lawsuit. Defendant is without information as to Peter A. Irving's residency and whether he is a properly authorized representative of the Estate of Curtis R. Irving; the same are therefore denied.

2.　Defendant denies that Tamara J. Irving, in her individual capacity, is a proper party to this lawsuit. Defendant is without information as to Tamara J. Irving's residency and whether she is a properly authorized representative of the Estate of Curtis R. Irving; the same are therefore denied.

3.　Defendant denies that Justin Irving is a proper party to this lawsuit. Without information and, therefore, denied as to Justin Irving's residency.

4. Defendant denies that Emily Irving is a proper party to this lawsuit. Without information and, therefore, denied as to Emily Irving's residency.

5. Defendant denies that Margaret Irving is a proper party to this lawsuit. Without information and, therefore, denied as to Margaret Irving's residency.

6. Without information and, therefore, denied.

7. Without information and, therefore, denied.

8. Without information and, therefore, denied.

9. Without information and, therefore, denied.

10. It is admitted only that Defendant Burlington Health and Rehabilitation Center, LLC is a Delaware limited liability company authorized to do business in the State of Vermont and is engaged in the operation and management of a nursing home facility doing business in Burlington, Vermont. Otherwise denied.

11. As to Plaintiffs' citizenship, without information and, therefore, denied. It is admitted that Defendant Burlington Health and Rehabilitation Center, LLC is a Delaware limited liability company authorized to do business in the State of Vermont and is engaged in the operation and management of a nursing home facility doing business in Burlington, Vermont. The remainder of Paragraph 11 of the Complaint is denied as inaccurate and/or because it is a legal assertion to which no answer is required.

12. Admitted.

13. Admitted.

14. It is admitted that Defendant was aware that the decedent had a diagnosis of cerebral palsy and that the decedent was placed in a skilled nursing unit. Otherwise denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. No answer required. To the extent an answer is required, Defendant incorporates as if fully set forth herein paragraphs 1 through 20 of its Answer in response to Paragraph 21 of the Complaint.

22. States a legal conclusion to which no answer is required. To the extent an answer is required, Paragraph 22 of the Complaint is denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. No answer required. To the extent an answer is required, Defendant incorporates as if fully set forth herein paragraphs 1 through 27 of its Answer in response to Paragraph 28 of the Complaint.

29. States a legal conclusion to which no answer is required. To the extent that an answer is required, Paragraph 29 of the Complaint is denied.

30. Denied.

31. Denied.

32. Denied.

33. States a legal conclusion to which no answer is required. To the extent that an answer is required, Paragraph 33 of the Complaint is denied.

34. Denied.

35. No answer required. To the extent an answer is required, Defendant incorporates as if fully set forth herein paragraphs 1 through 34 of its Answer in response to Paragraph 35 of the Complaint.

36. Denied.

37. No answer required. To the extent an answer is required, Defendant incorporates as if fully set forth herein paragraphs 1 through 36 of its Answer in response to Paragraph 37 of the Complaint.

38. Denied.

39. States a legal conclusion to which no answer is required. To the extent that an answer is required, Paragraph 39 of the Complaint is denied.

40. States a legal conclusion to which no answer is required. To the extent that an answer is required, Paragraph 40 of the Complaint is denied.

41. No answer required. To the extent an answer is required, Defendant incorporates as if fully set forth herein paragraphs 1 through 40 of its Answer in response to Paragraph 41 of the Complaint.

42. Denied.

43. States a legal conclusion to which no answer is required. To the extent that an answer is required, Paragraph 43 of the Complaint is denied.

44. No answer required. To the extent an answer is required, Defendant incorporates as if fully set forth herein paragraphs 1 through 43 of its Answer in response to Paragraph 44 of the Complaint.

45. Because Paragraph 45 of the Complaint fails to specify the "dangers" to which it refers, Defendant is unable to answer the allegations that Defendant was on notice of the dangers presented to residents suffering from cerebral palsy and prior history of bowel obstructions and the allegations that Defendant was on notice of the means and methods by which residents with cerebral palsy and bowel obstructions could be supervised and protected from such dangers. The allegations are, therefore, denied. Defendant reserves the right to supplement its answer to these allegations in the event of clarification by Plaintiffs. The remainder of Paragraph 45 is denied.

46. It is admitted that Defendant was aware that decedent had a diagnosis of cerebral palsy. The remainder of Paragraph 46 is denied.

47. Denied.

Defendant opposes Plaintiff's demand for judgment and the relief sought in the Paragraph following Paragraph 47 of the Complaint.

<u>Defenses</u>

1. Lack of subject matter jurisdiction.

2. Lack of standing. Under 14 V.S.A. 1492 actions alleging death from a wrongful act are to be brought in the name of the personal representative of the deceased person. Peter and Tamara Irving do not have standing to sue in their individual capacities and Defendant is unaware of whether they are duly appointed personal representatives of the decedent. Justin, Emily, and Margaret Irving do not have standing to sue in any capacity.

3. Contributory / comparative negligence; any negligence on behalf of Defendant being specifically denied.

4. Lack of proximate causation; any liability on the part of the Defendant remaining specifically denied.

5. Intervening superseding cause; any liability on the part of Defendant remaining specifically denied.

6. Failure to state a claim upon which relief can be granted.

7. Assumption of the risk; any liability on the part of Defendant remaining specifically denied.

8. The injury complained of was caused by Plaintiff, a fellow servant, or a third-party, or some other cause.

9. Statute of limitations.

10. Estoppel.

## Jury Demand

Defendant requests a trial by jury in this matter.

DATED at Burlington, Vermont this 30th day of July 2010.

Respectfully submitted,

HEILMANN, EKMAN & ASSOCIATES, INC.


By: /S/_____
James M. Cooley, Esq.
Attorneys for Defendant
231 South Union Street
P.O. Box 216
Burlington, Vermont 05402-0216
(802) 864-4555

6